**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5725 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-01722-LL-1 |
| v. | |
| HECTOR DANIEL MATEO-REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted December 4, 2025[**]
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Defendant-Appellant Hector Daniel Mateo-Reyes appeals the district court's

denial of his motion to suppress evidence. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On July 30, 2023, United States Border Patrol Agent Jeremy Peres was patrolling a mountainous area near San Diego, California known for illegal border crossings when he stopped Mateo-Reyes pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), to investigate possible illegal activity. Mateo-Reyes told Agent Peres that he was a United States citizen, he lived on Barrett Lake Road, and he was hiking in the area. Agent Peres observed that he was not wearing hiking clothes, and they were not in an area likely used for hiking from Barrett Lake Road. Agent Peres asked Mateo-Reyes for identification. During this exchange, Mateo-Reyes confessed to being a citizen of Mexico without the legal right to enter or remain in the United States. He was subsequently convicted of illegal reentry under 8 U.S.C. § 1326(a), (b).

1.     We review de novo a district court's denial of a motion to suppress evidence, including whether a *Terry* stop became a *de facto* arrest and whether reasonable suspicion existed to perform a *Terry* stop and frisk. *United States v. Fernandez-Castillo*, 324 F.3d 1114, 1117 (9th Cir. 2003) (denial of motion to suppress); *United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001) (*Terry* stop becomes *de facto* arrest); *United States v. Bontemps*, 977 F.3d 909, 913 (9th Cir. 2020) (reasonable suspicion).

Considering the characteristics of the area, the pattern of illegal border crossing activity, Mateo-Reyes' proximity to the border, and his suspicious hiking

narrative, Agent Peres had reasonable suspicion of illegal activity to justify the *Terry* stop of Mateo-Reyes. *See United States v. Valdes-Vega*, 738 F.3d 1074, 1079 (9th Cir. 2013) (en banc) (listing factors relevant to the court's "totality of the circumstances" review of an officer's reasonable suspicion). The stop was not excessively prolonged because Agent Peres' suspicion had not dissipated at the time of Mateo-Reyes' statements, and his questions were related to the purpose of the *Terry* stop—retrieving Mateo-Reyes' identification to confirm his citizenship. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) ("Authority for the seizure thus ends when tasks tied to the [stop] are—or reasonably should have been—completed."). Finally, the stop did not transform into a *de facto* arrest requiring probable cause. Generally, when police move a suspect to a police station or interrogation room, the *Terry* stop becomes a *de facto* arrest because "the circumstances are deemed to be more coercive than the brief public interview authorized by [*Terry*]." *United States v. Baron*, 860 F.2d 911, 914–15 (9th Cir. 1988). None of the hallmarks of coercion were present here as Agent Peres did not isolate Mateo-Reyes from the public, move him to a patrol vehicle, or transport him to the Border Patrol station before Mateo-Reyes confessed. Nor did Agent Peres use force or otherwise coerce Mateo-Reyes into believing he was not free to leave. Accordingly, the district court did not err in denying Mateo-Reyes' motion to suppress.

2.     The denial of an evidentiary hearing is reviewed for abuse of discretion. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). The district court properly found that the facts Mateo-Reyes now highlights were immaterial to its analysis of the motion to suppress. And none of Mateo-Reyes' alleged disputed facts create a meaningful conflict on appeal. Because Mateo-Reyes failed to "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist," the district court did not abuse its discretion in declining to hold an evidentiary hearing on his motion to suppress. *Id.* at 620.

**AFFIRMED**.